IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
SEP - 3 2003
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| ROBERT GRIFFIN and ANNETTE GRIFFIN, Next Friend and Administrators of the Estate of Brandy Hobson, Deceased; and ROBERT GRIFFIN and ANNETTE GRIFFIN, Individually, <br><br>  Plaintiffs, <br><br> v. <br><br> TROY STATE UNIVERSITY, an entity organized under the laws of the State of Alabama; THE BOARD OF TRUSTEES OF TROY STATE UNIVERSITY, DON SIEGELMAN, individually and officially as a Trustee of TSU, EDWARD R. RICHARDSON, individually and officially as a Trustee of TSU, R. DOUGLAS HAWKINS, individually and officially as a Trustee of TSU, GERALD O. DIAL, individually and officially as a Trustee of TSU, ALLEN TUCKER, individually and officially as a Trustee of TSU, JOHN D. HARRISON, individually and officially as a Trustee of TSU, ALLEN E. OWEN, III, individually and officially as a Trustee of TSU, MILTON MCGREGOR, individually and officially as a Trustee of TSU, JAMES R. ANDREWS, individually and officially as a Trustee of TSU, ROY HENRY DRINKARD, individually and officially as a Trustee of TSU, LAMAR P. HIGGINS, individually and officially as a Trustee of TSU, RICHARD SCRUSHY, individually and officially as a Trustee of TSU, JACK HAWKINS, JR., individually and officially as a Trustee of TSU, and ROD ANDERSON, individually and officially as Chief of Police of TSU, <br><br>  Defendants. | Civil Action No. 03-A-916-N <br><br> **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY** |

## COMPLAINT

**COME NOW** the Plaintiffs, Annette and Robert Griffin, individually and as Administrators of the Estate of Brandy Hobson, by and through the undersigned counsel of record, and offer this Complaint against Troy State University, The Board of Trustees of Troy State University, and Rod Anderson, and allege as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983. The jurisdiction of this Court is invoked under 42 U.S.C. §1983, 28 U.S.C. §§ 1343 and 1331 as the matter in controversy involves a federal question and this is an action authorized by law to redress deprivation under color of state law, rights, privileges, or immunities secured to the plaintiff by the Constitution of the United States of America. The Plaintiffs claim violations of the decedent's 5th and 14th Amendment rights.

2. Additionally, pursuant to 28 U.S.C. section 1667, this court has supplemental jurisdiction over the state law claims included in the Complaint as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## PARTIES

3. Annette Griffin and Robert Griffin [hereinafter referred to as "Plaintiffs"] are over the age of nineteen (19) years, are citizens of the State of Alabama, and are the surviving parents and Administrators of the estate of their minor daughter, Brandy Hobson. The Plaintiffs bring this action on behalf of the Estate of Brandy Hobson.

4. Defendants, Troy State University and the Board of Trustees of Troy State University [hereinafter collectively referred to as "TSU" or "the University"], comprise a public corporation existing pursuant to and by virtue of the Constitution and Laws of the State of Alabama. TSU is the

entity charged with the duty, *inter alia*, of operating an institution of higher education in Troy, Alabama, and is subject to suit under 42 U.S.C. § 1983.

5.      Defendant Rod Anderson, an individual, is the Chief of Police of the Troy State University police department. Defendant Rod Anderson is subject to suit under 42 U.S.C. § 1983 and is, upon information and belief, a citizen of the State of Alabama.

6.      Defendants Don Siegelman, Edward R. Richardson, R. Douglas Hawkins, Gerald O. Dial, Allen Tucker, John D. Harrison, Allen E. Owen, III, Milton McGregor, James R. Andrews, Roy Henry Drinkard, Lamar P. Higgins, Richard Scrushy, and Jack Hawkins, Jr. are all over the age of twenty-one (21) years and are citizens of Alabama. At the time of the incident forming the basis of this lawsuit, these individuals were serving as members of the Board of Trustees of Troy State University and are subject to suit under 42 U.S.C. § 1983.

## FACTS

7.      Plaintiffs adopts and incorporates paragraphs 1 through 5 as if fully set out herein.

8.      Brandy Hobson was born on September 20, 1983, the daughter of Annette McClendon and James W. Hobson, and died on September 3, 2001, at the age of seventeen (17) years. This action is brought within two (2) years from the date of her death.

9.      Brandy Hobson, a minor, was a student at TSU during the 2001-2002 academic school year and at the time of her death.

10.     On or about September 3, 2001, Brandy Hobson, a minor, was a resident of Clements Hall on the campus of TSU in Troy, Alabama.

11.     Upon information and belief, on September 3, 2001, Jonathan Antoine Rumph entered Clements Hall without authorization and murdered Brandy Hobson in her dormitory room.

12.     Plaintiffs Robert Griffin and Annette Griffin were duly appointed Administrators of the

Estate of their daughter, Brandy Hobson, now deceased. Plaintiffs are authorized to maintain this action on behalf of the Estate of Brandy Hobson, under the laws of the State of Alabama, and on behalf of those entitled to damages under the Alabama Wrongful Death Act, § 6-5-391 of the Code of Alabama (1975).

13. Commencing in and around August, 2003, Brandy Hobson enrolled as a first year (freshman) student at TSU and maintained that status until her death.

14. Troy State actively recruits prospective students throughout the State of Alabama and elsewhere. Recruitment of prospective TSU students is conducted under the direct and exclusive supervision and control of authorized representatives of TSU and is designed to attract qualified high school students to TSU.

15. TSU maintains an educational campus at Troy, Alabama, and charges tuition and other fees for attendance at the university.

16. As part of its university program, TSU operates and maintains dormitories for housing its students and charges fees for the use of these dormitories.

17. TSU, without exception, mandates that all freshman students must live in the on-campus dormitory facilities, and promotes the on-campus housing through written literature it produces and distributes to students.

18. Brandy Hobson accepted the invitation and encouragement of TSU to attend the university and agreed to reside in the university dormitory, paying the required fees. Consequently, Brandy Hobson became an invitee of TSU on the campus and in a dormitory known as "Clements Hall."

19. TSU represented to its students that it provided adequate and sufficient security throughout its campus for those students required to reside in university housing.

20. The following direct representation was made to TSU students in literature provided to them

by TSU on or about September 3, 2001:

> All unmarried students who have not turned 19 years old prior to the first day of registration in the semester for which they are enrolled are required to live on campus for the entire academic year...
>
> Visitors are allowed into the residence halls only during visitation hours. Visitors must sign a guest book and leave either their student IDs or driver's licenses at the front desk of the residence hall. Visitors may then be escorted by the resident to his or her room. The same resident will escort the guest out of the building. Identification is returned to the visitor when they sign out to leave.
>
> A university priority is to ensure that the university is safe and secure. The university has attempted to ensure that all areas of campus are well-lighted....

21. Clements Hall was not securely locked at night during the evening of September 2, 2001, through the morning of September 3, 2001.

22. Defendants were deliberately indifferent to the fact that the control and maintenance of security in and around Brandy Hobson's dormitory was grossly inadequate.

23. Defendants were deliberately indifferent to the fact that doors which were required to have been locked according to TSU policy were open to trespassers and intruders.

24. Defendants were deliberately indifferent to the fact that locks which were designed to prevent access from the outside and doors which were designed to automatically close were improperly maintained, resulting in the failure of numerous doors in Clements Hall to close and/or lock properly and permitting unrestrained access for intruders and trespassers.

25. Defendants were deliberately indifferent to the fact that individuals improper accessed Clements Hall.

26. The following statement is made to students by TSU in literature sent to Brandy Hobson:

> All entrances to the residence halls are secured 24 hours a day. Residence hall staff members with the assistance of the Residence Hall Association will be responsible for maintaining these regulations.

27. Defendants were deliberately indifferent to the fact that TSU failed to act in light of the

potential danger to Brandy Hobson. TSU also failed to take corrective action to remedy the obvious lack of security at Clements Hall. TSU also failed to adequately protect the residents within Clements Hall from further potential harm.

28. By virtue of the relation created by TSU and Brandy Hobson, including but not limited to the representation of TSU and TSU's total and exclusive control of the campus' security system, TSU assumed the duty to provide adequate protection from harm and was strictly liable for the physical safety of Brandy Hobson while she was a student and on the campus.

29. This duty was breached when Brandy Hobson was assaulted and killed while a student at TSU and a resident in Clements Hall as previously described.

30. Brandy Hobson, a minor, was a resident on the campus of TSU, pursuant to TSU policy mandating that all students under the age of 19 to reside in TSU on-campus housing.

31. The representations and assurances regarding the safety of the TSU campus was extended to Brandy Hobson as a potential student of TSU and resident within TSU's facilities were likewise extended to Robert Griffin and Annette Griffin, as parents of a prospective student.

32. TSU was aware that parents of potential students reasonably rely upon such representations and assurances; that they also rely upon TSU exercising the duties imposed upon it or assumed by it, and that they reasonably rely upon TSU fulfilling its contractual agreements and representations.

33. Alternatively, at all times relevant hereto, Robert Griffin and Annette Griffin as parents of Brandy Hobson were third party beneficiaries of the contractual undertaking by TSU toward Brandy Hobson.

34. Furthermore, the actions of TSU created a contract, or quasi-contract between TSU and Robert Griffin and Annette Griffin as parents of Brandy Hobson.

35.  TSU breached its duties and its contractual obligations as previously set forth in this complaint, and as a result thereof, Robert Griffin and Annette Griffin have suffered severe and extensive emotional, mental and traumatic injury and anguish.

36.  As a direct and proximate consequence of the representations and assurances, TSU owed Brandy Hobson a duty of care commensurate with her status as an invitee and enrolled student.

37.  A special relationship was formed between TSU and Brandy Hobson, a resident and minor, as a result of a TSU mandatory policy requiring all students, including Brandy Hobson, under age nineteen (19) to live on the campus of TSU,

38.  Upon the creation of the university/student relationship between TSU and Brandy Hobson, and upon the creation of the special relationship of university/student and university housing resident, a contract was created between TSU and Brandy Hobson.

39.  TSU breached its contract with Brandy Hobson, resulting in a deadly assault upon Brandy Hobson on September 3, 2001, by an intruder (Rumph) on the TSU campus and inside the TSU dormitory, known as Clements Hall.

40.  The conduct of TSU in breaching its duty to Brandy Hobson, as set forth above, involved a gross disregard for the health and welfare of Brandy Hobson, gross negligence and willful and wanton misconduct.

41.  TSU assumed the duty to provide adequate security for students attending the university and residing in the dormitories operated and maintained by TSU.

42.  Upon the voluntary undertaking to protect its students from the reasonably foreseeable criminal acts of third parties, TSU was required to perform such affirmative duties with due care.

43.  Brandy Hobson relied upon the willingness of TSU to protect its students from harm, and reasonably perform the duty assumed.

44. The reasonable expectation of Brandy Hobson that TSU would exercise due diligence and reasonable care to protect her from the reasonably foreseeable acts of third persons, was a valid and reasonable expectation.

45. TSU failed to establish and maintain adequate security provisions for its students in general and its residential students in particular, including the Plaintiffs' decedent.

46. Among other breaches of its duty, TSU failed to provide adequate security patrols, failed to provide adequate and proper dormitory supervision and supervisory coverage in general, and, in particular, between the evening of September 2, 2001 and the early morning of September 3, 2001, failed to take reasonable measures to ensure the safety of resident student Brandy Hobson.

47. These breaches of duty allowed an unauthorized intruder to enter Clements Hall between the evening of September 2, 2001 and the very early morning of September 3, 2001 and permitted him to perform the criminal act which directly and proximately resulted in the death of Brandy Hobson.

48. The unauthorized intruder in Clements Hall (Jonathan Antwan Rumph) between the evening of September 2, 2001, and the very early morning of September 3, 2001, entered without any measures of reasonable security being enforced.

49. TSU was aware or should have been aware that the lack of proper security measures at Clements Hall posed an unreasonable threat to students, including the Plaintiffs' decedent; however, TSU failed to take appropriate or adequate action to prevent Rumph or any other potential intruder from entry onto the campus and/or most particularly Clements Hall.

50. TSU also failed to enforce or otherwise take reasonable action to ensure security at Clements Hall dormitory and ensure the protection of Brandy Hobson form physical harm..

51. TSU's security was so inadequate that Rumph was able to enter unchallenged into Clements Hall; to move unchallenged for a considerable period of time throughout Clements Hall; and commit

a criminal act within the living quarters assigned to Brandy Hobson, before finally inflicting grievous injury to Brandy Hobson and eventually resulting in her death.

52. As a community with a sizeable population, and with there being absolutely no security posts to limit access on to the campus in general, including and the residential area where Clements Hall is located in particular, it was reasonably foreseeable to TSU that criminal activity might occur in or near Clements Hall.

53. It was also reasonably foreseeable that criminal activity might increase the risk to students of serious personal injury, necessitating affirmative action from TSU's security personnel.

54. On the evening of September 2, 2003, Brandy Hobson was subjected to an unprovoked criminal attack which caused her death.

55. TSU security personnel were inadequately prepared, trained, and equipped to meet the emergency facing Brandy Hobson, and thus were deliberately indifferent to her rights as set out in the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

56. By having such improperly and inadequately trained, improperly equipped, and unresponsive personnel, TSU exacerbate the injuries sustained by Brandy Hobson which exacerbation contributed to her eventual death.

## COUNT ONE

57. Plaintiffs reallege and incorporate by reference paragraphs 1 through 59 as if fully set forth herein.

58. During all times mentioned herein, the defendants separately and in concert, acting under color of state law, statute, ordinance, regulation, custom, practice, or usage of the State of Alabama, deprived the Plaintiffs' decedent of rights and immunities secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, to wit:

59. The decedent Hobson was a resident student of Clements Hall on the campus of TSU in Troy, Alabama.

60. The defendants TSU, the Trustees, and Rod Anderson, acting under color of state law, had knowledge or reasonably should have had knowledge of the dangerous conditions that existed on the TSU campus. This fact notwithstanding, said defendants failed to provide adequate security for the dormitory residents, including the decedent, with which a special relationship existed, thereby evidencing a deliberate indifference to the decedent's danger in violation of the 5th and 14th Amendments to the United States Constitution.

61. Under Alabama law, a special relationship arose between TSU and Brandy Hobson which imposed a duty upon TSU to control a third party's conduct (Jonathan Antoine Rumph). This duty further required TSU to provide safe and secure housing to all students, particularly to minor students residing in on-campus housing, as is the case here.

62. As a direct and proximate result of the aforesaid acts, omissions and systematic deficiencies, policies, patterns and practices of the defendants, the plaintiffs' decedent were caused to suffer bodily injury, pain, suffering and eventual death.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demand judgment in both compensatory and punitive damages against each defendant, jointly and severally, for an amount to be determined by a jury together with interest and the costs of this proceeding.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

K. Stephen Jackson (JAC 034)
Joseph L. Tucker (TUC 033)
James V. Doyle, Jr. (DOY 010)
Attorneys for the Plaintiffs

**OF COUNSEL:**
K. STEPHEN JACKSON, P.C.
Black Diamond Building
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536

All Defendants to be served via Certified Mail as addressed:

**Defendants**
Troy State University
Troy, Alabama 36082